IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MAURICE D. SMITH, | ) | CASE NO. 3:18 CV 1707 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | **ORDER** |
| Respondent. | ) | |

Petitioner Maurice Smith has filed in this Court a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, purporting to challenge the constitutionality of a conviction and sentence rendered by a state court in Marion County, Ohio. (Doc. 1.) He also has filed a motion to proceed *in forma pauperis* (Doc. 3), which is granted.

*Pro se* pleadings must be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Section 2254 authorizes a district court to entertain a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Smith

states he is challenging a judgment of conviction rendered by a court in Marion County, Ohio, on November 10, 2017. (Doc. 1 at 1.) He states he was convicted of felon in possession of a firearm, possession with intent to distribute, and a parole violation in Tennessee, and sentenced to eighty-six months' imprisonment. (*Id*.)

The only case number Smith provides, however, belongs to a case in this Court, in which he was convicted of nearly identical crimes – felon in possession of a firearm and possession with intent distribute cocaine – and received the same sentence, eighty-six months in prison, on November 7, 2017. (*See* Case No. 3:16 CV 348, Doc. 32 (Helmick, J.).) Indeed, this Court is unable to locate any judgment against Smith by a state court in Marion County, Ohio, on November 10, 2017.

In addition, on the same day Smith filed the habeas petition at issue here, he filed a petition to vacate the November 2017 federal-court judgment under 28 U.S.C. § 2255 in both the original criminal case (Case No. 3:16 CV 348, Doc. 34) and in a new action in this Court (Case No. 3:18 CV 1702, Doc. 1(Helmick, J.)). Those petitions remain pending.

Because it does not appear from the face of Smith's petition that he is challenging a state-court judgment, he has failed to state a claim under 28 U.S.C. § 2254 upon which relief may be granted. The petition, therefore, is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ James G. Carr
JAMES G. CARR
SR. U.S. DISTRICT JUDGE